```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

RATEEK ALLAH,

        Plaintiff,

v.                                    Case No. 5:19-cv-451-Oc-39PRL

FNU RAMOS, et al.,

        Defendants.
_____

## **ORDER**

Plaintiff, Rateek Allah, a federal prisoner, initiated this case by filing a pro se civil rights complaint (Doc. 1; Compl.). Plaintiff has also filed a motion to proceed in forma pauperis (Docs. 5, 9), and a motion to amend his complaint to add one defendant, the Federal Bureau of Prisons (Doc. 8). Plaintiff names thirteen defendants, against each of whom Plaintiff asserts different claims based on different conduct and incidents. See Compl. at 4. As relief, Plaintiff seeks compensatory damages, transfer to a level four medical center, and injunctive relief. Id. at 22.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule

12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff is a federal inmate seeking relief from federal officials. As such, his claim arises under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971) (recognizing an implied right of action for damages against a federal agent who violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures). An action under Bivens is similar to an action under 42 U.S.C. § 1983 except that a Bivens action is maintained against federal officials while a § 1983 case is against state officials. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). As such, when analyzing a Bivens claim, courts apply case law interpreting § 1983 cases. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011).

Importantly, claims arising under Bivens are not coextensive with those arising under § 1983. Indeed, since Bivens, the Supreme Court has extended Bivens remedies in only two other contexts. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017) (explaining the limited circumstances in which the Supreme Court, since Bivens, has extended "an implied damages action": gender discrimination in a federal employment context (Davis case) and failure to provide medical care for a federal prisoner (Carlson case)).

Plaintiff's complaint is subject to dismissal under this Court's screening obligation. First, Plaintiff improperly joins multiple, unrelated claims for alleged violations that have no logical relationship. A plaintiff may set forth only related claims

in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citation omitted).

Plaintiff alleges multiple claims that do not arise out of the same transaction or series of transactions. He asserts Defendants Doaks, Chavis, Jones, and Reinser violated criminal statutes, 18 U.S.C. § 1001 and 18 U.S.C. § 241, see Compl. at 5; Defendants Colon, Albas, and Ramirez have stolen money intended to be used for food, comfort items, or religious activities, id. at 12-13; Defendant Velehoe, the mailroom supervisor, fails to send Plaintiff's legal mail, id. at 14; Defendants Taylor and Cheatham impose lockdowns for what Plaintiff perceives to be "no reason," id. at 14-15; when Plaintiff was placed on suicide watch, Defendant Ramos was unsympathetic to his being cold, and she served him different food from the food served to the rest of the inmate population, id. at 16; Defendant Cook refuses to accept Plaintiff in the medical center in retaliation for Plaintiff's lawsuit

4

against a prison official in California, id. at 17-18; Defendants Taylor and Cheatham withhold reading materials and radios from inmates in the special housing unit (SHU), id. at 19; Defendants Cheatham, Reinser, and Taylor refuse to install "shelters" in the recreation yard and will not permit inmates to remove their shirts when outside in the sun, id. at 20; Defendant Kennedy (a doctor) refuses to transfer Plaintiff for medical/mental health care, id.; Defendant Reinser no longer allows inmates access to Criminal Law Weekly, id. at 21; and Defendants Cheatham and Taylor forced inmates to stay in their cells during Hurricane Dorian, despite the fact that the storm moved slowly and did not appear headed for Coleman, Florida, id. Because these claims are unrelated, Plaintiff's Complaint is due to be dismissed.

Not only does Plaintiff's Complaint not comply with the federal pleading standards, but under § 1983 and Bivens, Plaintiff fails to state a claim for relief against the named Defendants. Plaintiff's claim asserting Defendants Doaks, Chavis, Jones, and Reinser violated criminal statutes is not cognizable because these criminal statutes do not confer a private right of action.[1] Cent.

---

[1] While Plaintiff's claim against these Defendants is unclear, it appears he contends they conspired with officials at a different correctional institution, Estill in South Carolina, to keep him confined at Coleman. See Compl. at 5, 9. Plaintiff alleges officials at Estill incorrectly calculated his classification status, resulting in his transfer to Coleman, where officials (including some Defendants he names in this action) "became part of [the] conspiracy to keep the fraud going." Id. at 9. Plaintiff

5

Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). See also Blankenship v. Gulf Power Co., 551 F. App'x 468, 470,471 (11th Cir. 2013) (affirming dismissal of a civil rights complaint alleging in part the violation of 18 U.S.C. § 1001 because that criminal statute does not provide a cause of action); Crosson v. LaSalle Bank, N.A. as Tr. for MLMI Tr. Series 2006-MLNI, No. 108CV03720MHSAJB, 2009 WL 10711904, at *13 (N.D. Ga. Aug. 7, 2009), report and recommendation adopted sub nom., No. 1:08-CV-3720-MHS, 2009 WL 10711898 (N.D. Ga. Aug. 28, 2009) (citing cases in which courts have held 18 U.S.C. § 241 does not confer a private right of action); Stoll v. Martin, No. 3:06CV180 LACEMT, 2006 WL 2024387, at *2 (N.D. Fla. July 17, 2006) (dismissing a complaint as frivolous where the plaintiff alleged violations of criminal statutes, including 18 U.S.C. § 241).

Plaintiff's claims relating to inmate classification, prison transfer decisions, lockdown procedures, and protocols for inmates on suicide watch or in the SHU involve matters of prison administration, which are not actionable under either § 1983 or Bivens. See, e.g., Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the

---

asserts "no one wants to correct the fraud that was executed on him." Id.

province of the Legislative and Executive Branches . . . not the Judicial."). See also McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Plaintiff's claims relating to his comfort (i.e., warmth, specific kinds of food, shade from the sun) similarly are not actionable. "[T]he Constitution does not mandate comfortable prisons," nor can inmates expect to "be free of discomfort." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Eleventh Circuit has held, "a prisoner's mere discomfort, without more, does not offend the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1295 (11th Cir. 2004).

Plaintiff's claims of a denial of access to courts are facially insufficient as well. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). See also Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.") (quoting Wilson v.

7

Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998)). Plaintiff does not allege the mailroom supervisor's interference with his mail or his inability to access Criminal Law Weekly has caused him "actual injury" as required to state a claim for a denial of access to the courts. He does not, for example, allege Defendants' actions have impeded his ability to pursue a nonfrivolous post-conviction or civil rights claim.

Moreover, while Plaintiff suggests the mailroom supervisor failed to send his legal mail on two occasions, his allegations are belied by this Court's docket. For example, Plaintiff says he mailed petitions under 28 U.S.C. § 2241, and a motion for leave to amend his complaint in this case. He says, "the 2241's never made it to the court." Compl. at 14. However, the Court's docket reflects Plaintiff has successfully filed three petitions under § 2241 within the last six months. See Case No. 5:19-cv-273-Oc-34PRL (opened June 3, 2019); Case No. 5:19-cv-281-Oc-39PRL (opened June 7, 2019); Case No. 5:19-cv-313-Oc-34PRL (opened June 28, 2019).[2]

Plaintiff's allegations that prison official are engaging in criminal conduct, such as stealing or using prison funds improperly, even if true, do not implicate Plaintiff's constitutional rights. To the extent prison officials are engaged

---

[2] The Court also notes Plaintiff's motion to amend his complaint in this case was received and docketed on November 5, 2019 (Doc. 8).

in criminal activity, Plaintiff has no constitutional right to institute a criminal investigation or prosecution. See, e.g., Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.").

The only potentially viable claim Plaintiff attempts to raise is one for deliberate indifference to serious medical needs against Defendants Cook and Kennedy. As to Defendant Cook, who Plaintiff states works for the Federal Bureau of Prisons (BOP) in Washington, D.C., Plaintiff alleges she refuses to send him to a prison where he can obtain necessary medical treatment. Compl. at 4, 17. He contends Defendant Cook's actions are in retaliation for his civil rights action against BOP officials in California. Id. at 18. To the extent Plaintiff has a viable claim against Defendant Cook, who works in Washington, D.C., for alleged retaliatory actions she took related to Plaintiff's litigation in California, Plaintiff should pursue that claim in the appropriate venue. See 28 U.S.C. § 1391(b).

Plaintiff alleges Defendant Dr. Kennedy "fails to submit [him] for medical/mental health transfer." Compl. at 20. Plaintiff claims he suffers from advanced dementia, and he has trouble caring for himself. He also says he has a terminal illness in his brain called progressive multifocal leukoencephalopathy. Id. Plaintiff further alleges Dr. Kennedy performed a memory test, which

9

Plaintiff believes he "failed," but Dr. Kennedy "ma[de] it appear [Plaintiff] [was] faking." Id.

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983 and Bivens. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Carlson v. Green, 446 U.S. 14, 16-17 (1980). However, to state a claim, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence" (citing Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Allegations of medical negligence do not state a claim for deliberate indifference. Estelle, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Rather, "[m]edical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, alleging a "simple difference in medical opinion" does not state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007).

Plaintiff does not allege facts that plausibly suggest Dr. Kennedy was deliberately indifferent to or disregarded a serious medical need. Instead, Plaintiff's allegations suggest Dr. Kennedy has provided treatment for his condition. Even if true that Dr. Kennedy concluded Plaintiff was malingering or exaggerating his responses to a memory test, Plaintiff alleges only a disagreement with a medical judgment, which is not actionable as a civil rights violation under the Eighth Amendment. See Wilson v. Smith, 567 F. App'x 676, 678 (11th Cir. 2014) ("[M]atters of medical judgment do not constitute deliberate indifference." (citing Estelle, 429 U.S. at 107)).

Finally, Plaintiff's complaint is also subject to dismissal because he alleges no physical injury caused by Defendants' conduct. See Compl. at 22. The PLRA provides, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). See Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla. Aug. 10, 2011) (finding the plaintiff's claim was barred under the PLRA because he demonstrated only a de minimis injury and did not seek nominal damages but only punitive and compensatory damages).

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of December, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Rateek Allah